UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: 18-CR-30043-SEM-TSH |
| | ) | |
| NATHANIEL STONE, | ) | |
| | ) | |
| Defendant. | ) | |

## OBJECTION TO AMENDED INFORMATION
## CHARGING PRIOR OFFENSE

NOW COMES the Defendant, Nathaniel Stone, by his attorney, William L. Vig, and enters his Objection pursuant to 21 U.S.C. § 851(c) to the Information Charging Prior Offenses previously filed by the United States Attorney, under 21 U.S.C. § 851(a)(1) and requests this court schedule briefing and argument on the issue. In support thereof, Defendant states as follows:

1. On November 12, 2019, the Government filed an Amended Information Charging Prior Offense (herein "Amended Information") and as part of that Amended Information moved to withdraw its previously filed Information Charging Prior Offenses which it had originally filed on August 7, 2018.

2. That the Amended information was filed pursuant to 21 U.S.C. § 851 (a)(1), and asserts that Counts I, II, and III of the Superseding Indictment are subject to an enhanced sentence of imprisonment of not less than 15 years and not more than life imprisonment, a fine not to exceed $20,000,000, and a term of supervised release of not less than 10 years and up to life.

3. The Government based this enhancement on a prior conviction in Morgan County, Illinois, Case Number 2010-CF-29, for Possession of Methamphetamine Manufacturing Materials.

4. Effective December 21, 2018, Public Law Number 115-391, known as the First Step Act, amended certain provisions of the United States Code pertaining to enhanced sentencing for prior offenses.

5. Specifically, the First Step Act amended 21 U.S.C. § 841(b)(1) to restrict enhanced sentencing to only those defendants previously convicted of "a serious drug felony or serious violent felony."

6. Under this new framework, the Illinois offense of Possession of Methamphetamine Manufacturing Materials, does not qualify as a serious drug felony. Therefore, Defendant should not be subject in the present case to an enhanced sentence based on that conviction.

7. Because Defendant challenges the legal applicability of the prior conviction for enhanced sentencing purposes, rather than the existence of the conviction, Defendant asks that this Court rule on the objection prior to trial or entry of a guilty plea, as the Court's determination may assist the parties in their efforts to resolve this case.

8. Defendant requests 14 days to more fully brief this argument for the court and a hearing on the issue.

WHEREFORE, the Defendant, Nathaniel Stone, respectfully requests this Honorable Court enter an order scheduling briefing and argument on this objection

to the Amended Information, dismissing the Amended Information, and granting any other such and further relief as this Court deems reasonable and just.

        Respectfully submitted,

        Nathaniel Stone**,** Defendant


        By:    /s/ William L. Vig
                    Attorney for Defendant


William L. Vig (#6284192)
VIG LAW, P.C.
1100 South 5th Street
Springfield, IL 62703
(217) 241-5628
bill@vig-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Assistant U.S. Attorney Matthew Weir    matthew.weir@usdoj.gov


/s/ William L. Vig
Attorney for Defendant